# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WEST VIRGINIA UNITED HEALTH SYSTEMS, INC.,**
**Employer Below, Petitioner**

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0186**    (BOR Appeal No. 2052247)
(Claim No. 2016020454)

**TAMMY PRICE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner, West Virginia United Health Systems, Inc. by, Jeffrey M. Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tammy Price, by Robert Stultz, her attorney, filed a timely response.

The issues on appeal are Ms. Price's requests to reopen her claim for temporary total disability benefits and medical treatment. On January 23, 2017, the claims administrator denied a request to reopen the claim for temporary total disability benefits. On May 3, 2017, the claims administrator denied a lumbosacral MRI and pain management. The Office of Judges affirmed the claims administrator's decisions in its September 8, 2017, Order. The Order was reversed and remanded by the Board of Review on February 1, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Price, a nursing assistant, was injured on February 5, 2016, when she slipped on a mat at work. Her claim was held compensable for a low back sprain/strain on February 17, 2016. Prior to her work injury, Ms. Price had been treated by Robert Gerbo, M.D., for six months in 2009 for low back pain during which time Dr. Gerbo noted that lumbar x-rays showed loss of lordotic curvature. A December 9, 2009, lumbar MRI revealed a degenerated L5-S1 intervertebral disc with a small midline herniation associated with mild extradural mass effect with no neural foraminal encroachment. In June of 2015, Ms. Price was treated by Michal

1

Matela, M.D., for a chief complaint of lower back pain. Dr. Matela diagnosed muscle spasm of the back and back pain.

After the February 5, 2016, injury, Dr. Gerbo treated Ms. Price for a chief complaint of low back pain. On March 1, 2016, Dr. Gerbo noted the lower part of Ms. Price's back was improved, but the part inferior to her bra line was still problematic. She had resumed modified duty. After she was released to full duty work on March 11, 2016, Dr. Gerbo noted Ms. Price's pain was worse in the left thoracolumbar area, but she also had pain in the left lower lumbar area. Dr. Gerbo diagnosed lumbar/thoracic back sprain which was worse without any precipitating event. He noted the main area of concern was the lower thoracic/upper lumbar area and opined it was related to her work injury. A March 25, 2016, thoraco-lumbar spine MRI was unremarkable with no evidence of acute fracture or compression deformity. There was mild disc desiccation at T9-T10.

Bill Hennessey, M.D., performed an independent medical evaluation on June 9, 2016. He noted Ms. Price reported no relief of her symptoms since the work injury. On examination, Ms. Price had pain to palpation in her left lumbar paraspinal muscles and in her left lower thoracic paraspinal muscles. The pain limited her from going through a full range of motion, and she had pain with trunk flexion and extension. Dr. Hennessey noted Ms. Price's straight leg raise testing was negative bilaterally. Dr. Hennessey determined that the subjective pain complaints were not supported by the objective medical evidence. He opined that there was insufficient medical evidence of residual left lumbar strain. In Dr. Hennessey's opinion, Ms. Price had reached maximum medical improvement from the February 5, 2016, soft tissue strain. He opined that there was no further need for medical treatment because there was no residual physical impairment on which to base treatment. Also, there was no need to keep doing what did not work. Dr. Hennessey assessed 0% impairment.

Dr. Gerbo continued to treat Ms. Price in July of 2016. On July 12, 2016, he saw Ms. Price for left-sided low back pain. She reported having received trigger point injections on June 13, 2016, and she no longer had any thoracic or lumbar pain. Dr. Hennessey diagnosed thoraco-lumbar and lower lumbar sprains, much improved. Ms. Price continued to have left sacroiliac pain and tenderness. In a letter dated July 26, 2016, Dr. Gerbo noted Ms. Price had returned to his office for treatment sooner than expected with a chief complaint of worse back pain. On July 20, 2016, Ms. Price felt a "pop" in the thoraco-lumbar spine while doing a compression on a mannequin during cardiopulmonary resuscitation training. She also experienced an increase in left sacroiliac pain. Ms. Price reported pain radiation to the posterior thighs and tingling in both feet. On examination, Ms. Price had limited range of motion of the thoracic and lumbar spine. Dr. Gerbo diagnosed thoracic sprain and strain, lumbar strain, and sacroiliac sprain. He opined this was not a new injury but a worsening of Ms. Price's previous condition. Dr. Gerbo opined that the claim needed to be reopened for physical therapy. Ms. Price was also seeking treatment with a pain management physician.

Ms. Price testified via deposition on January 12, 2017, that she worked in perioperative care which required her to push beds, gurneys, and wheelchairs; take vital signs; and do a lot of walking in order to move patients from place to place. She was injured on February 5, 2016,

when she was pulling a mat next to a desk and tweaked her body. She aggravated her back on July 20, 2016, when she was doing cardiopulmonary resuscitation training. She has been off of work since July 22, 2016. Between February and July of 2016, she was only able to work light duty, and she still experienced exacerbations of her pain. She continued to have pain in her mid and lower left side.

On January 23, 2017, the claims administrator denied Ms. Price's request to reopen her claim for temporary total disability benefits. On May 3, 2017, the claims administrator denied a request for authorization of a lumbosacral MRI and pain management for the second time, as the request was fully addressed in an October 31, 2016, protestable Order. The second denial was made in response to a new April 10, 2017, request from Ms. Price's attorney. The MRI was denied as Ms. Price had a lumbar spine MRI on February 5, 2016, which was unremarkable.

The Office of Judges affirmed both of the claims administrator's decisions on September 8, 2017. It noted that Dr. Gerbo refilled Ms. Price's medication and referred her to a pain clinic on April 1, 2016. In his June 9, 2016, report, Dr. Hennessey opined that Ms. Price had reached maximum medical improvement. Additionally, as of July 18, 2016, Dr. Gerbo had released Ms. Price to return to full duty work. Two day later, on July 20, 2016, Ms. Price felt a "pop" in her spine when she was doing cardiopulmonary resuscitation training. The Office of Judges found that this constituted a new injury, as Ms. Price felt a "pop" in her back. It found Ms. Price failed to show by a preponderance of the evidence that she suffered an aggravation of her compensable injury.

The Office of Judges then addressed the issue of the lumbar spine MRI and pain management. It found that Ms. Price had a subsequent injury on July 20, 2016, after she had reached maximum medical improvement for the initial injury. The treatment sought by Ms. Price was due to the July 20, 2016, injury. Therefore, the lumbosacral MRI and pain management were not reasonable and necessary for the effects of the compensable injury.

The Board of Review adopted the findings of fact of the Office of Judges, but disagreed with its conclusions of law. On February 1, 2018, the Board of Review reversed the Office of Judges. It relied on its previous decision in which it found the claim compensable for lumbar strain, thoracic strain, and sacroiliac sprain. Based on that decision, the Board of Review again relied on Dr. Gerbo's opinion and found that Ms. Price did not sustain a new injury on July 20, 2016, but that the symptoms were related to the initial injury. Relying on Dr. Gerbo, the Board of Review determined that Ms. Price was entitled to temporary total disability benefits from July 23, 2016, through January 28, 2017. It also found that the lumbosacral MRI and a referral to pain management were medically necessary and reasonably required for the compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. The claim was held compensable for a low back sprain/strain. Ms. Price continued to experience symptoms due to the February 5, 2016, injury as late as June 13, 2016, when she received trigger point injections. Dr. Gerbo, the treating physician, opined that the July 20, 2016, event was not a new injury, but an aggravation of the February 5, 2016, injury. The Board of Review did not err in relying on his opinion. Therefore, Ms. Price is entitled to the additional period of temporary

3

total disability benefits and the lumbar spine MRI. She had been referred for a pain management consultation prior to the July 20, 2016, event. Therefore, she is entitled to the consultation as well.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**
Justice Elizabeth D. Walker